

May 31, 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **12-20399-CR-ALTONAGA/SIMONTON**

18 U.S.C. §2244(b)
18 U.S.C. §242

UNITED STATES OF AMERICA

v.

PAULO MORALES,

       **Defendant.**
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. The Federal Inspection Service Area (hereinafter "FIS") within the Miami International Airport (hereinafter "MIA") located in Miami-Dade County, Florida, in the Southern District of Florida, was an institution and facility in which persons are held in custody by direction of the head of a Federal department or agency, that being the Department of Homeland Security.

2. **PAULO MORALES** was an employee of the Department of Homeland Security, Customs and Border Patrol assigned to MIA.

3.     A.A.H. was a citizen of Guatemala.

4.     R.S.O. was a citizen of Honduras.

5.     R.K. was a citizen of Israel.

## COUNT ONE
(Abusive Sexual Contact: 18 U.S.C. § 2244(b))

1. The allegations set forth in paragraphs 1, 2, and 3 of the General Allegations of this Indictment are re-alleged and incorporated by reference into this Count as though fully set forth herein.

2. On or about January 14, 2011, in Miami-Dade County, in the Southern District of Florida, the defendant,

**PAULO MORALES,**

while in FIS at MIA, did knowingly engage in sexual contact with another person, A.A.H., by intentionally touching A.A.H.'s breasts, directly and through her clothing, with an intent to abuse, humiliate, and degrade A.A.H. and to arouse and gratify the defendant's sexual desire, said sexual contact being done without the permission of A.A.H.

In violation of Title 18, United States Code, Section 2244(b).

## COUNT TWO
(Deprivation of Rights Under Color of Law: 18 U.S.C. § 242)

1. The allegations set forth in paragraphs 2 and 3 of the General Allegations of this Indictment are re-alleged and incorporated by reference into this Count as though fully set forth herein.

2. On or about January 14, 2011, in Miami-Dade County, in the Southern District of Florida, the defendant,

**PAULO MORALES**

while acting under color of law, did engage in unwanted sexual contact with A.A.H. by touching A.A.H.'s breasts, directly and through her clothing, and thereby willfully deprive A.A.H. of the

right secured and protected by the Constitution of the United States not to be subjected to unreasonable seizure, which includes the right to be free from unwanted sexual contact by a person acting under color of law.

In violation of Title 18, United States Code, Section 242.

## COUNT THREE
(Abusive Sexual Contact: 18 U.S.C. § 2244(b))

1. The allegations set forth in paragraphs 1, 2, and 4 of the General Allegations of this Indictment are re-alleged and incorporated by reference into this Count as though fully set forth herein.

2. On or about January 20, 2011, in Miami-Dade County, in the Southern District of Florida, the defendant,

**PAULO MORALES,**

while in FIS at MIA, did knowingly engage in sexual contact with another person, R.S.O., by intentionally touching R.S.O.'s breasts, directly and through her clothing, with an intent to abuse, humiliate, and degrade R.S.O. and to arouse and gratify the defendant's sexual desire, said sexual contact being done without the permission of R.S.O.

In violation of Title 18, United States Code, Section 2244(b).

## COUNT FOUR
(Deprivation of Rights Under Color of Law: 18 U.S.C. § 242)

1. The allegations set forth in paragraphs 2 and 4 of the General Allegations of this Indictment are re-alleged and incorporated by reference into this Count as though fully set forth herein.

2. On or about January 20, 2011, in Miami-Dade County, in the Southern District of Florida, the defendant,

## PAULO MORALES

while acting under color of law, did engage in unwanted sexual contact with R.S.O. by touching R.S.O's breasts, directly and through her clothing, and thereby willfully deprive R.S.O. of the right secured and protected by the Constitution of the United States not to be subjected to unreasonable seizure, which includes the right to be free from unwanted sexual contact by a person acting under color of law.

In violation of Title 18, United States Code, Section 242.

## COUNT FIVE
(Abusive Sexual Contact: 18 U.S.C. § 2244(b))

1. The allegations set forth in paragraphs 1, 2, and 5 of the General Allegations of this Indictment are re-alleged and incorporated by reference into this Count as though fully set forth herein.

2. On or about January 27, 2011, in Miami-Dade County, in the Southern District of Florida, the defendant,

## PAULO MORALES,

while in FIS at MIA, did knowingly engage in sexual contact with another person, R.K., by intentionally touching R.K.'s breasts through her clothing with an intent to abuse, humiliate, and degrade R.K. and to arouse and gratify the defendant's sexual desire, said sexual contact being done without the permission of R.K.

In violation of Title 18, United States Code, Section 2244(b).

## COUNT SIX
### (Deprivation of Rights Under Color of Law: 18 U.S.C. § 242)

1. The allegations set forth in paragraphs 2 and 5 of the General Allegations of this Indictment are re-alleged and incorporated by reference into this Count as though fully set forth herein.

2. On or about January 27, 2011, in Miami-Dade County, in the Southern District of Florida, the defendant,

**PAULO MORALES**

while acting under color of law, did engage in unwanted sexual contact with R.K. by touching R.K.'s breasts, through her clothing, and thereby willfully deprive R.K. of the right secured and protected by the Constitution of the United States not to be subjected to unreasonable seizure, which includes the right to be free from unwanted sexual contact by a person acting under color of law.

In violation of Title 18, United States Code, Section 242.

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

THOMAS E. PEREZ
ASSISTANT ATTORNEY GENERAL
UNITED STATES DEPARTMENT OF JUSTICE
CIVIL RIGHTS DIVISION

_____
WILLIAM WHITE
ASSISTANT UNITED STATES ATTORNEY

By: _____
HENRY LEVENTIS
TRIAL ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

PAULO MORALES,

**Defendant** /

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

- _X_ Miami
- ___ Key West
- ___ FTL
- ___ WPB
- ___ FTP

New Defendant(s) Yes ___ No ___
Number of New Defendants ___
Total number of counts ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) __Yes__
   List language and/or dialect __Spanish__

4. This case will take __3__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   0 to 5 days       _X_
   - II  6 to 10 days      ___
   - III 11 to 20 days     ___
   - IV  21 to 60 days     ___
   - V   61 days and over  ___

   (Check only one)
   - Petty   ___
   - Minor   ___
   - Misdem. ___
   - Felony  _X_

6. Has this case been previously filed in this District Court? (Yes or No) __No__
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) __No__
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) __No__

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes _X_ No

_____
WILIIAM C. WHITE
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 087204

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: <u>PAULO MORALES</u>

**Case No**: _____

Counts # 1, 3 and 5

<u>Criminal Sexual Contact</u>

<u>18 USC §2244(b)</u>

* **Max.Penalty**:    2 years' imprisonment

Counts # 2, 4, and 6
<u>Deprivation of Rights</u>

<u>18 USC §242</u>

* **Max.Penalty**:    1 year imprisonment

Count #:

* **Max.Penalty**:

Count #:

* **Max.Penalty**:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.