**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO . 12-20399-CR-ROSENBAUM**

**UNITED STATES OF AMERICA**

**vs.**

**PAULO MORALES,**

**Defendant.**
_______________________________/

FILED by________ D.C.
JUL 2 4 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - MIAMI

**PLEA AGREEMENT**

The Office of the United States Attorney for the Southern District of Florida and the Civil Rights Division of the United States Department of Justice (hereinafter "the United States") and the defendant, PAULO MORALES, enter into the following agreement:

1. The defendant agrees to plead guilty to Counts Two, Four and Six in the Superseding Indictment, which charge him with deprivation of rights under color of law, in violation of Title 18, United States Code, Section 242. This plea agreement is intended to resolve the defendant's federal criminal liability in the Southern District of Florida arising out of any criminal conduct by the defendant known to the United States as of the date of this plea agreement.

2. Prior to sentencing, the defendant agrees that he will resign from federal employment, specifically Customs and Border Protection. In connection with his resignation, he agrees to surrender all federally issued credentials to his agency. The defendant further agrees that he will not reapply or accept federal employment thereafter.

3. The United States agrees to seek dismissal of the remaining counts in the Superseding Indictment at the time of sentencing.

4. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").  The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered.  The defendant is also aware that, under certain circumstances, the Court may depart from the advisory guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.  The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the advisory sentence.  Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

5. The defendant also understands and acknowledges that as to the violations of Title 18, United States Code, Section 242, the Court may impose a statutory maximum term of imprisonment of up to 1 year for each count.  In addition to a term of imprisonment, the Court may impose a fine of up to $100,000 for each count. The defendant also understands that the Court must impose a special assessment of $25.00 for each of the three counts, which the defendant agrees to pay at the time of sentencing.

6. Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses. In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's denaturalization and automatic removal from the United States.

7. The United Sates reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant's background. Subject only to the express terms of this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If the offense level is 16 or greater and the defendant does not take any action between the entry of the guilty plea and imposition of the sentence that is inconsistent with acceptance of responsibility, and the defendant abides by the terms and conditions of pretrial release, then the United States will move for a third level reduction at the time of sentencing.

9. The defendant is aware that the sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the United States, or the probation office, is a prediction, not a promise, and is not binding on the United States, the probation office or the Court. The defendant understands that any recommendation that the United States makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court, and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged above, that he may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the United States.

10. The defendant is aware that Title 18, United States Code, Section 3742 affords him the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any order of restitution, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his

attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

11. This is the entire agreement and understanding between this Office and PAULO MORALES. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: July 19, 2012

By: William White
WILLIAM WHITE
ASSISTANT UNITED STATES ATTORNEY

THOMAS E. PEREZ
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

Date: July 19, 2012

By: William White for
HENRY LEVENTIS
TRIAL ATTORNEY, U.S. DEPARTMENT OF JUSTICE

Date: 7/24/12

JUDE M. FACCIDOMO, ESQUIRE
ATTORNEY FOR THE DEFENDANT

Date: 7/24/12

PAULO MORALES
DEFENDANT

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 12-20399-CR-ROSENBAUM**

**UNITED STATES OF AMERICA**

**vs.**

**PAULO MORALES,**

**Defendant.**
_____________________________/

FILED by ______ D.C.
JUL 2 4 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - MIAMI

**GOVERNMENT'S PROFFER IN SUPPORT OF DEFENDANT'S PLEA**

The United States submits the following proffer in support of defendant, Paulo Morales' pleas to Counts Two, Four and Six of the Superseding Indictment in this case;

If this case were to proceed to trial, the evidence would show beyond a reasonable doubt that as to Count Two, the defendant, on or about January 14, 2011, while on duty at Miami International Airport as a Customs and Border Protection Officer, during secondary processing while A.A.H., a citizen of Guatemala, was in custody, knowingly and willfully touched her breasts by placing his hands underneath her clothing, without her consent.

As to Count Four, the defendant, on or about January 20, 2011, while on duty at Miami International Airport as a Customs and Border Protection Officer, during secondary processing while R.S.O., a citizen of Honduras, was in custody, knowingly and willfully touched her breasts by placing his hands underneath her clothing, without her consent.

As to Count Six, the defendant, on or about January 27, 2011, while on duty at Miami International Airport as a Customs and Border Protection Officer, during secondary processing while R.K., a citizen of Israel, was in custody, knowingly and willfully touched her breast on top

of her clothing, without her consent.

The evidence would show that these three persons, while initially in lawful custody, were deprived of their Constitutional right to be free from what became unlawful seizure by virtue of the defendant's actions in touching their breasts while acting under color of law.

All of these acts occurred in Miami-Dade County in the Southern District of Florida.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: July 19, 2012 By: William White
WILLIAM WHITE
ASSISTANT UNITED STATES ATTORNEY

THOMAS E. PEREZ
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

Date: July 19, 2012 By: William White for
HENRY LEVENTIS
TRIAL ATTORNEY, U.S. DEPARTMENT OF JUSTICE

Date: 7/24/12
JUDE M. FACCIDOMO, ESQUIRE
ATTORNEY FOR THE DEFENDANT

Date: 7/24/12
PAULO MORALES
DEFENDANT